**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PATRICIA VAUGHN,

    Plaintiff,

v.                                             Case No. 07-CV-15085

HOMEGOODS, INC et al.,

    Defendants.
                                               /

**OPINION AND ORDER DENYING DEFENDANT
HOMEGOODS, INC.'S "MOTION FOR RECONSIDERATION"**

Pending before the court is Defendant Homegoods, Inc.'s motion to reconsider the court's July 3, 2008 order, which denied a joint motion to extend scheduling dates. The court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will deny the motion.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

Homegoods asserts that "new supporting information" demonstrate a palpable defect the correction of which will result in a different disposition of the motion. (Def.'s Mot. at ¶ 1.) Homegoods recounts procedural history that was apparent when the court denied the joint motion. In particular, Homegoods notes that Defendant Dragon Claw, the manufacturer of the chair in question in this case, was added in the February 27, 2008 amended complaint. (*Id.* at ¶ 2.) Homegoods contends that "discovery was necessarily suspended" to allow for serving and responding to the amended complaint and that "no depositions of witnesses or parties could take place, for the reason that the added party (Dragon Claw) would have the right to re-depose them creating an unnecessary and expensive duplication of effort." (*Id.* at ¶¶ 2-3.) Homegoods further asserts that it and Plaintiff Patricia Vaughn did not have assembly instructions or other manufacturer information and could not obtain such information until after the passage of expert report dates under the court's scheduling order. (*Id.* at ¶ 5.) Homegoods states that even if discovery requests were served on Dragon Claw on the date Dragon Claw responded to the amended complaint, responses to the discovery would have been due three days after Plaintiff's expert report was due. (*Id.* at ¶ 6.)

Without specifying a date, Homegoods reports that "eventually a copy" of the assembly instructions was produced and the deposition of Willie Barford, its assistant store manager, was completed on June 18, 2008. (*Id.* at ¶ 7.) Again without indicating when, Homegoods states that "[i]t has since become known that there is a manufacturing defect in the subject chair such that three of the four bolts which are to be screwed against the rods of the base of the chair are impeded by soldering material . . . ." (*Id.* at ¶ 8 (citing photographs attached as Exhibit B).) Next, Homegoods argues

2

that the alleged manufacturing defect requires additional analysis and testing, which might result in additional or amended pleadings by the parties. (*Id.* at ¶ 9.) Homegoods informs the court that the case has been pending "for only eight months and Dragon Claw has been a party for approximately four months." (*Id.* at ¶ 10.) According to Homegoods, "the foregoing demonstrates good cause for the requested extension of deadlines" and that without more discovery the trier of fact "will not have the benefit of a complete analysis of the product by expert witness and medical expert testimony presented by each/all of the parties, and will be forced to render a verdict based on evidence which is incomplete, inaccurate and in some instances totally one-sided." (*Id.* at ¶¶ 11-12.)

The court is not persuaded. Homegoods has failed to identify any palpable defect. It argues that there is new information before the court, but the procedural posture and scheduling order dates were apparent at least as early as when Dragon Claw was added as a defendant. Homegoods fails to assert or, more importantly, demonstrate with record evidence, when it (1) received the assembly instructions and (2) learned of the alleged manufacturing defect. If, as the court suspects, Homegoods simply failed to raise certain arguments when it sought an extension in the first instance, such failure tends to show less than full diligence and not a palpable defect that might require correction. Further, the court does not agree that discovery should grind to a halt whenever a new party is added for fear of that party insisting upon duplicative discovery. A more sensible approach is to pursue the case and then supplement in a limited manner whatever additional discovery the new party may seek. The court's scheduling order states that "[e]xtensions of court-supervised discovery are not

ordinarily granted in the absence of unusual circumstances." (1/22/08 Scheduling Order at 2.) The addition of a party is not unusual, particularly in a case involving an alleged manufacturer defect. The court is thus not persuaded that Homegoods has presented a palpable defect that may require correction.

Further, even if there were such a defect, an extension of court-supervised discovery is not the only remedy. As the court noted in its previous order, "[t]he parties may voluntarily and cooperatively seek to achieve the discovery tasks mentioned in the joint motion, but the court will play no part in facilitating or enforcing such efforts." (7/3/08 Order at 1 n.1.) The court maintains that position, which is also stated in its scheduling order. "Although unsupervised discovery is sometimes agreed to among counsel, court deadlines are not changed based upon mere agreement." (1/22/08 Scheduling Order at 2.) Accordingly, the court is not persuaded that correction of any palpable defect would result in a different outcome.

IT IS ORDERED that Defendant Homegoods, Inc.'s "Motion for Reconsideration" [Dkt. # 22] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2008, by electronic and/or ordinary mail.

    S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522