# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PATRICIA VAUGHN,

    Plaintiff,

v.                                                       Case No. 07-CV-15085

HOMEGOODS, INC.,
DRAGON CLAW (USA), INC.
D/B/A DC AMERICA,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT DRAGON CLAW'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION TO SUBSTITUTE AND ALLOW EXPERT WITNESS

Pending before the court is a motion for summary judgment, filed on July 16, 2008 by Defendant Dragon Claw (USA), Inc. d/b/a DC America ("Dragon Claw"). Having reviewed the briefs in the case, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Dragon Claw's motion for summary judgment and will deny both Plaintiff's motion to compel and Plaintiff's motion to substitute and allow expert witness.

## I. BACKGROUND

On June 13, 2007, Plaintiff was injured when she sat on a metal, rocker chair in Defendant HomeGoods' ("HomeGoods") store display. (Def.'s Mot. at 2.) Plaintiff sued HomeGoods for negligence, and HomeGoods filed a notice of non-party at fault against the chair's manufacturer, Dragon Claw, on February 20, 2008. (Not. Non-Party at

Fault.)  Subsequently, Plaintiff added Dragon Claw as a Defendant to this action.  (Am. Comp. at 4-6.)  Dragon Claw moved for summary judgment on July 16, 2008, asserting that Plaintiff has no evidence attributing any product defect to Dragon Claw.  (Def.'s Mot. at 8.)  In her response, Plaintiff attaches an untimely expert report written by David J. Eby ("expert report") as Exhibit 1 and argues that the expert's testimony will prove her claims against Dragon Claw.  (Pl.'s Resp. Ex. 1.)  On the same day she filed her response, Plaintiff filed a "Motion to Substitute and Allow Expert Witness," in which she asserts that the court should allow her expert witness to testify at trial.  In both her response and her motion, Plaintiff contends that the court should allow her expert witness to testify despite the untimeliness of the report under Federal Rule of Civil Procedure 26(a)(2)(C) because any delay was "harmless" and "substantially justified" due to Dragon Claw's alleged discovery abuses.[1]  In its reply, Dragon Claw argues that Plaintiff's expert report is inadmissible and that Plaintiff has failed to identify any admissible evidence which would support her claim against Dragon Claw.  (Def.'s Reply at 2-3.)

HomeGoods' expert performed his inspection of the chair on June 30, 2008. (Pl.'s Resp. at 8.)  On July 3, 2008, this court denied a joint motion for extension of the scheduling dates, stating that the joint motion merely asserted additional time was necessary to conclude discovery and provided no explanation or basis upon which the court could find good cause under Federal Rule of Civil Procedure 16.  (07/03/2008

---

[1] Also pending before the court is Plaintiff's "Motion to Compel Answers to Interrogatories and Requests for Productions of Documents against Defendant Dragon Claw."  Plaintiff contends she sent "Interrogatories and Requests for Production of Documents" to Dragon Claw on or about May 30, 2008.  (Pl.'s Mot. Compel ¶ 2.)

Order at 1.)  Moreover, this court made clear in its Scheduling Order that "[e]xtensions of court-supervised discovery are not ordinarily granted in the absence of unusual circumstances."  (Scheduling Order ¶ 3.)  On July 10, 2008, Mr. Eby inspected the rocker chair and wrote his report.[2]  (Pl.'s Resp. Ex. 1.)  However, Dragon Claw maintains that it failed to receive Mr. Eby's report until after it had filed its motion for summary judgment.  (Def.'s Reply at 2.)  On July 24, 2008, this court denied a joint motion for reconsideration of the Jule 3, 3008 order denying the joint motion for extension of the scheduling dates.  In particular, the court stated that:

> [T]he court does not agree that discovery should grind to a halt whenever a new party is added for fear of that party insisting upon duplicative discovery.  A more sensible approach is to pursue the case and then supplement in a limited manner whatever additional discovery the new party may seek.

(07/24/2008 Order at 3.)

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor."  *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).  "Where the moving party has carried its

---

[2] The expert report stated that, among other things, improper welding design created excess weld material, which, in turn, restricted proper assembly of the rocker chair.  In addition, the rocker chair lacked some type of securing hardware that would keep nuts in place while the rocker chair was subjected to cyclic loading (i.e., bouncing).  Assembly instructions discuss the use of nuts for fastening the rods of the rocker chair into place; however, at the time of inspection, no nuts were present.   (Pl.'s Resp. Ex. 1.)

3

burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the accuracy, but rather to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 (emphasis and alteration in original) (citation omitted) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party

4

producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## III. DISCUSSION

Plaintiff argues that if the court accepts her expert's report and testimony, she can establish a prima facie case against Dragon Claw and defeat summary judgment. To defeat a motion for summary judgment against a manufacturer for an alleged manufacturing defect or design defect, a Plaintiff "need not establish the exact nature of the alleged defect but must show through direct or circumstantial evidence a reasonable probability that the defect is attributable to the manufacturer." *Chambers v. General Motors Corp.*, 333 N.W.2d 9, 10 (Mich. Ct. App. 1982) (citing *Kupkowski v. Avis Ford, Inc.*, 235 N.W.2d 324 (Mich. 1975)). To establish that the alleged defect "is attributable to the manufacturer," Plaintiff relies on the expert testimony of Mr. Eby.[3] (Pl.'s Resp. Ex. 1.) However, the admissibility of the expert testimony depends on whether Federal Rule of Civil Procedure 37(c)(1) excludes the admission.

On January 22, 2008, the court entered a Scheduling Order which required Plaintiff to serve its expert report fifty-six days before the close of discovery. The Scheduling Order set the discovery deadline for June 17, 2008. Plaintiff did not identify Mr. Eby as her expert or provide a report until August 6, 2008, (Pl.'s Resp. Ex. 1), well

---

[3] The expert report, which should have been served near the end of April, was not served until July 17, 2008. (Pl.'s Mot. Substitute ¶ 17.) Dragon Claw did not receive the report until after it had filed its July 16, 2008 motion for summary judgment. (Def.'s Reply at 2.)

5

after the close of discovery. Plaintiff argues that HomeGoods' delay in producing its deponent and the rocker chair for inspection[4] and the addition of Dragon Claw as a Defendant delayed Plaintiff's own discovery.

Plaintiff argues that the court should admit her expert's report even though she failed to follow the Scheduling Order. (Pl.'s Resp. at 3-4.) Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Additionally, a party "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). To ensure that parties abide by the discovery rules, Federal Rule of Civil Procedure 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless that failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Under the rule, a party may not use evidence that the party failed to disclose under a scheduling order, as contemplated in Federal Rule of Civil Procedure 26(a)(2)(C), unless such failure to disclose is "harmless" or "substantially justified." The rule's language imposes a mandate on this court, *Dickenson v. Cardiac and Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (quoting *Musser v. Gentiva Health*

---

[4] Plaintiff claims the rocker chair necessary for expert inspection was in the possession of HomeGoods until June 2008, and Plaintiff was consequently unable to inspect the rocker chair. (Pl.'s Mot. Substitute ¶ 8.) Even if this is the case, it was Plaintiff's responsibility to seek access to the rocker chair and petition the court for help in doing so had that been necessary.

6

*Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)), and the 1993 advisory committee's note to subdivision (c) states that the "automatic sanction provides a strong inducement for disclosure of material." The advisory committee's notes also explain that the rule's exceptions for "harmless" or "substantially justified" failures to disclose exist to prevent harshness. Fed. R. Civ. P. 37(c)(1), 1993 advisory committee's note to subdivision (c). However, the potentially sanctioned party has the burden to prove the application of one of these exceptions.[5] *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

The Sixth Circuit has treated the "harmless" requirement as referring to the nature of the party's failure to disclose and not the effect on the opposing party. *Roberts*, 325 F.3d at 783 (finding lack of disclosure "harmless" when party neglected to include expert's signature and details of his education but opposing party nonetheless knew who would testify and to what he would testify). Generally, this requires an "inadvertent," *id.*, or "an honest mistake on the part of a party coupled with sufficient

---

[5] The court notes that *Dickenson* quotes with approval a Seventh Circuit case which states: "[W]here exclusion necessarily entails dismissal of the case, the sanction must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004). This quotation could be read to indicate that the court should consider sanctions under Rule 37(c)(1) more carefully when dismissal would result if sanctions are imposed. The *Dickenson* court cited this case in order to vacate a district court's order excluding expert testimony, which resulted in summary judgment for the party seeking to exclude the testimony. *See Dickenson*, 388 F.3d at 983. However, the discussion of Rule 37(c)(1) in *Dickenson* is dicta because the circuit court ultimately reverses and remands on other grounds. In *Musser*, the circuit court upheld the district court's exclusion of plaintiff's expert testimony under Rule 37(c)(1) even though doing so meant granting defendant's motion for summary judgment. *Musser*, 356 F.3d at 758-59 (upholding the exclusion of expert testimony because plaintiff identified witnesses but failed to identify them to the opposing party as expert witnesses).

7

knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotation marks omitted). Plaintiff has presented no evidence that her failure to disclose expert witness lists or expert reports in accord with the Scheduling Order was harmless or inadvertent. *See id.* Additionally, Dragon Claw had no prior knowledge of Plaintiff's expert's identity or report so as to render Plaintiff's failure to disclose harmless. *See id.*

Neither has Plaintiff shown herself "substantially justified" in failing to timely disclose. Plaintiff asserts she had limited time to respond to the addition of Dragon Claw as a Defendant. (Pl.'s Resp. at 7.) Plaintiff also claims she could not timely disclose because one of HomeGoods' employees failed to appear for a scheduled deposition and Dragon Claw failed to answer Plaintiff's discovery requests before the deadline.[6] (Pl.'s Resp. at 7.) However, the court does not agree that this makes Plaintiff "substantially justified" in failing to follow the Scheduling Order. *See Vance by and Through Hammons v. United States*, No. 98-5488, 1999 WL 455435, *5 (6th Cir. June 25, 1999) (finding no "substantial justification" to preclude exclusion under Rule 37(c)(1) when Plaintiff's required discovery came months after the discovery deadline

---

[6] Defendant provided responses to Plaintiff's discovery requests even though they were untimely because Plaintiff did not submit the request such that the response was due before the discovery deadline. (Def. Resp. to Pl.'s Mot. Compel ¶ 9.) The court instructed both parties in the Scheduling Order: "A discovery demand that is not served such that a response is not due before the discovery deadline is deemed of no effect unless counsel agree to comply in spite of the discovery deadline." (Scheduling Order ¶3.) Because Plaintiff's requests were untimely, the court views Plaintiff's allegations of abuse as inapplicable to the other motions before the court, and Plaintiff's motion to compel will be denied. Even if Plaintiff's demands were timely, the Plaintiff failed to seek the court's intervention until nearly two months after the discovery deadline. Plaintiff also failed to address such demands in her June 17, 2008 joint motion for extension of scheduling dates. (Mot. Extend.)

and only in response to the opposing party's motion for summary judgment).[7] Plaintiff could have prepared expert witnesses and expert reports while waiting for the other events to occur, and she has provided no reason she could not have hired an expert earlier in the discovery process to conduct an inspection and make a report. Plaintiff did not submit her expert's identity and report until August 6, 2008, which is nearly four months after proposed expert lists were due, nearly two months after parties should have concluded discovery, and almost one month after the dispositive motion deadline. (Scheduling Order at 5.) Also, Plaintiff failed to file any motion to compel based on the alleged discovery violations.[8] Plaintiff's failure to follow the Scheduling Order has resulted in the type of circumstance the discovery rules seek to avoid: new evidence introduced after an opposing party has filed a motion for summary judgment. This slows the judicial process and wastes the resources of both the court and the parties. In addition, it leaves the opposing party lingering in doubt regarding the nature of the claims that will be produced against it. Plaintiff's failure to disclose in a timely fashion was neither "harmless" nor "substantially justified."[9] The automatic sanctions of Federal

---

[7] Unpublished decisions in the Sixth Circuit are not binding precedent, *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (holding that unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action"), but their reasoning may be "instructive" or helpful, *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004).

[8] While the joint motion for extension of the scheduling dates sought extension for the filing of expert reports, the motion failed to specify why additional time was necessary. (Mot. Extend.) The court denied the motion for the reasons stated in the order and summarized above. (07/03/2008 Order at 1.)

[9] The rule does allow the court to impose other sanctions "[i]n addition to or instead of" exclusion. Fed. R. Civ. Pro. 37(c)(1). However, the rule "contemplates stricter adherence to discovery requirements, . . .harsher sanctions for breaches of this

9

Rule of Civil Procedure 37(c)(1) apply, and the court will exclude Plaintiff's expert report and testimony.[10]  (Pl.'s Resp. Ex. 1.)

Plaintiff has failed to establish a prima facie case against Dragon Claw because Plaintiff has presented no other evidence of manufacturing or design defects attributable to Dragon Claw.  *See Chambers*, 333 N.W.2d at 10.  As a result, Dragon has fulfilled its burden to show the absence of a genuine issue of material fact.  *See Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323).  Because of the absence of a genuine issue of material fact, "entry of summary judgment is appropriate."  *Gutierrez*, 826 F.2d at 1536 (citing *Celotex*, 477 U.S. 317).

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Dragon Claw's motion for summary judgment [Dkt. # 24] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to compel [Dkt. # 29] is DENIED and Plaintiff's motion to substitute and allow expert witness [Dkt. # 28] is DENIED.

                                                                           s/Robert H. Cleland  
                                                                           ROBERT H. CLELAND  
                                                                           UNITED STATES DISTRICT JUDGE

Dated:  September 11, 2008

---

rule, and the required sanction in the ordinary case is mandatory preclusion."  *Vance*, 1999 WL 455435, *4.  The court sees no reason either to add to or substitute sanctions in this case.

[10]Plaintiff's motion to substitute and allow expert witness will thus be denied.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 11, 2008, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522